**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

ANTHONY C. PRYOR,

      Petitioner,

    v.                              **CASE NO. 2:13-CV-48; 13-cv-54**
                                             **JUDGE GEORGE C. SMITH**
           `                             **Magistrate Judge Deavers**

MICK OPPY, WARDEN,
ROSS CORRECTIONAL
INSTITUTION,

      Respondent.

## OPINION AND ORDER

On October 14, 2014, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF 6. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*, and *Request for a Certificate of Appealability*. ECF 10, 11.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection*, ECF 10, 11, is **OVERRULED.** The *Report and Recommendation*, ECF 6, is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Petitioner's *Request for Certificate of Appealability*, ECF 11, is **GRANTED**, in part, and **DENIED**, in part.

In October 2002, the Fairfield County Court of Common Pleas sentenced Petitioner to an aggregate term of three life sentences on charges of kidnapping, rape, and abduction. In February 2004, the Ohio Fifth District Court of Appeals remanded the case to the trial court for re-sentencing solely on the issue of post-release control. *See State v. Pryor*, No. 11-CA-12, 2011

WL 3847015, at *1 (Ohio App. 5th Dist. Aug. 25, 2011).  Pursuant to the remand of the Ohio Court of Appeals, in February 2011, the trial court conducted a re-sentencing hearing for imposition of a mandatory five year term of post-release control.  *See id.*  Petitioner challenges the constitutionality of that re-sentencing hearing.

Petitioner asserts that he was denied due process and re-sentenced in violation of the Ex Post Facto Clause, the right to a speedy trial, and in violation of Ohio law; and that he was denied a due process because of the delay in re-sentencing.  The Magistrate Judge recommended dismissal of all of these claim, with the exception of his claim regarding the denial of due process and the Ex Post Facto Clause, as procedurally defaulted, and recommended dismissal of the latter claim as without merit.  Petitioner objects to that recommendation.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as procedurally defaulted.  Petitioner contends that he preserved all of his claims for review by presenting them to the Ohio Supreme Court.  *Objection,* ECF 10, PageID#334-36.  Alternatively, Petitioner argues that Respondent waived the issue of procedural default or has effectively admitted to the merits of certain of Petitioner's claims by failing to address them in the *Return of Writ*.  Petitioner asserts, as cause for his procedural default, that he was denied effective assistance of appellate counsel.  PageID# 335-37.  Additionally, Petitioner again raises all of the same arguments he previously presented as to the merits of his claims.

Petitioner objects to the Magistrate Judge's dismissal of his claim that he was denied due process and sentenced in violation of the Ex Post Facto Clause and requests reconsideration of this claim under *Peugh v. United States*, 569 U.S. – , 133 S.Ct. 2072 (2013), issued on June 10, 2013, after his re-sentencing hearing.  *Objection*, ECF 11.  In this respect, Petitioner again argues that the trial court's failure to conduct a *de novo* hearing for imposition of post-release control at

the time of his re-sentencing violated the Ex Post Facto Clause.  He maintains this is so because Ohio law had provided for a *de novo* re-sentencing hearing at the time of his conviction and sentence.   Petitioner claims prejudice from the re-sentencing because he was denied the right to allocution and was unable to present mitigating evidence.  He also asserts that he was prejudiced because under the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1 (Ohio 2006), the trial court no longer had to justify imposition of maximum or consecutive terms of incarceration.

He requests a certificate of appealability on all of these issues.  *Id.*

Petitioner's *Objection,* ECF 10, 11, is **OVERRULED**.   The record fails to support Petitioner's claim that he preserved his claims by presenting them to the Ohio Supreme Court. *See Exhibit 21 to Return of Writ,* ECF 4-1.  Further, regardless of whether Petitioner attempted to raise his claims in the Ohio Supreme Court, he has committed a procedural default by failing to raise this claims in the state appellate court.  *See Ruark v. Warden, Ross Corr. Inst.,* No. 2:12-cv-934, 2014 WL 2217258, at *6 (S.D. Ohio May 29, 2014)(noting that if the Supreme Court grants a motion for delayed direct appeal, it considers only those issues raised in appellate court below)(citing *Fornash v. Marshall*, 686 F.2d 1179, 1185 n.7 (6th Cir. 1982)(further citations omitted)).  As discussed by the Magistrate Judge, this Court may *sua sponte* raise the issue of procedural default.   A respondent's failure to address a petitioner's claims does not entitle the petitioner to relief.  *Field v. Turner*, No. 1:13-cv-1415, 2014 WL 3508519, at *2 (N.D. Ohio July 15, 2014)(judgment by default based upon a respondent's alleged failure to timely respond is not appropriate in habeas corpus proceedings)(citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970)(superseded on other grounds by statute as stated in *Cobb v. Perini*, 832 F.2d 342 (6th Cir. 1987)(further citations omitted)).  A claim of ineffective assistance of counsel cannot constitute

cause for Petitioner's procedural default in this case, since Petitioner never presented such claim to the Ohio courts. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

Petitioner claims that he is entitled to relief under United States Supreme Court's decision in *Peugh*. *Objection,* ECF 11. In *Peugh*, the Supreme Court held that the Ex Post Facto Clause is violated when a criminal defendant is sentenced under a provision of the United States Sentencing Guidelines promulgated after commission of the criminal act charged, and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense. *United States v. Wurzelbacher*, -- F. App'x. --, --, 2014 WL 6600423, at *3 (6th Cir. Nov. 20, 2014)(citing *Peugh,* 133 S.Ct. at 2072). The argument that *Peugh* requires Ohio to follow procedural rules no longer applicable at the time of re-sentencing has been rejected by other Ohio courts to consider this same issue. *See Braddy v. Bunting,* No. 1:13-cv-1464, 2014 WL 4285632, at *2 (N.D. Ohio Aug. 29, 2014); *Rarden v. Warden, Warren Correctional Inst.,* Nos. 1:12-cv-660; 12-cv-756, 2014 WL 497266, at *2 (S.D. Ohio Feb. 7, 2014). This Court agrees with the reasoning of those courts. A trial court does not violate ex post facto considerations by failing to conduct a *de novo* re-sentencing hearing for imposition of post-release control, regardless of whether it was required at the time of sentencing. Ohio's application of the procedural rule at issue does not impose punishment for conduct not previously criminal or expose Petitioner to the possibility of a greater sentence than that originally imposed. *Braddy v. Bunting,* No. 1:13-cv-1464, 2014 WL 4285605, at *13 (N.D. Ohio Aug. 5, 2014)(Report and Recommendation affirmed by *Braddy*, 2014 WL 4285632). For all of these reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection,* ECF 10, 11, is **OVERRULED.** This action is hereby **DISMISSED.**

4

Petitioner moves the Court to issue a certificate of appealability.

Where a claim has been denied on the merits, a certificate of appealability may issue where the petitioner establishes that "reasonable jurists could debate whether. . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)(citing 28 U.S.C. § 2253(c); *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)).

Where a claim has been dismissed on procedural grounds, a certificate of appealability shall issue where jurists of reason would find it debatable whether the Court was correct in its procedural ruling that petitioner waived his claims of error, and whether petitioner has stated a viable constitutional claim. *Slack v. McDaniel*, 529 U.S. at 484–85. Both of these showings must be made before a court of appeals will entertain the appeal. *Id*.

This Court is not persuaded that Petitioner has met this standard in regard to the Court's dismissal of his claims as procedurally defaulted.

The Court is persuaded, however, that Petitioner has met this standard in regard to the Court's dismissal of his claim regarding an alleged violation of due process or the the Ex Post Facto Clause.  The Court therefore certifies the following issue for appeal:

> Did the Ohio courts violate Petitioner's right to due process or the Ex Post Facto Clause by refusing to conduct a *de novo* re-sentencing hearing for imposition of post-release control?

**IT IS SO ORDERED.**

                           **___/s/ George C. Smith_____**
                           **GEORGE C. SMITH, JUDGE**
                           **UNITED STATES DISTRICT COURT**